Mr. Joe A. Flowers County Comptroller Escambia County Post Office Box 1111 Pensacola, Florida 32595
Dear Mr. Flowers:
You have asked for my opinion on substantially the following question:
Is the County Comptroller required to charge the Clerk of the Circuit Court for recording documents for that office?
In sum:
Pursuant to s. 28.24, F.S. (1992 Supp.), the County Comptroller of Escambia County is prohibited from charging the Clerk of the Circuit Court for the services described in s. 28.24(15), F.S. (1992 Supp.), including recording instruments presented for filing.
According to your letter, the Auditor General of the State of Florida, in his Audit Findings for the Escambia County Comptroller's Office, recommended that you seek clarification regarding whether your office should charge the Clerk of the Circuit Court for recording instruments. In the past you have not assessed recording fees for court-related documents submitted by the clerk's office.
In 1972, the Legislature divided the duties of the clerk of the circuit court between two officers in Escambia County.[1] Under the provisions of this special act, one officer serves as clerk of the circuit court and county court and the other serves as county comptroller, ex officio clerk and administrative officer of the board of county commissioners, auditor, recorder and custodian of all county funds. Both the county comptroller and the clerk of circuit court are made budget officers, as opposed to fee officers, of the county by the special act.[2]
Pursuant to the terms of the special act, the Escambia County Comptroller serves as county recorder and is charged with the responsibility to "keep the records and perform all of the duties now or hereafter prescribed by law relating to instruments required or authorized by law to be recorded in the public records, including, without limitation, s. 28.222, Florida Statutes."[3] In addition certain specific duties are imposed on the County Comptroller including recording:
(s) All pleadings, documents, orders or decrees in probate matters required to be recorded in the official records of the county.
(t) All judgments or decrees of any court required or authorized to be recorded in the official records of the county.
(u) All other instruments authorized or required to be recorded in the official records.[4]
Thus, in Escambia County, it is the comptroller who is responsible for recording court documents in the official records of the county.
Section 28.222, F.S. (1992 Supp.), prescribes the duties of county recorder and requires that he or she "record the following kinds of instruments presented to him for recording, upon payment of the service charges prescribed by law[.]"[5] Included in that list are "[j]udgments, including certified copies of judgments, entered by any court of this state or by a United States court having jurisdiction in this state and assignments, releases, and satisfactions of the judgments."[6]
Service charges which the clerks of court are entitled to charge as compensation for services of that office are set forth in s.28.24, F.S. (1992 Supp.), and would apply to the county comptroller in this case. The statute provides that:
The clerk of the circuit court shall make the following charges for services rendered by his office in recording documents and instruments and in performing the duties enumerated. However, in those counties where the clerk's office operates as a fiscal unit of the county pursuant to s. 145.022(1), the clerk shall not charge the county for such services. (e.s.)
The language underscored above was added in 1979[7] and operates as a restraint or limitation upon the language of the statute.[8]
The proviso contained in s. 28.24, F.S. (1992 Supp.), should be strictly limited to its terms[9] and is, thus, limited to the county and those officers or agencies which are a part of or an agency of county government.[10] Therefore, in counties where the clerk, or, as in this case the comptroller, is a budget officer rather than a fee officer, he or she may not assess charges against the county for those services described in s. 28.24, F.S. (1992 Supp.), including "recording, indexing, and filing any instrument not more than 14 inches by 8 inches[.]"[11]
Section 1(d), Art. VIII, State Const., provides for the election of a number of county officers by the electors of that county; among those county officers is "a clerk of the circuit court[.]" Without question the clerk of circuit court is a county officer and the office of clerk of the circuit court is an agency or part of county government.
Thus, it is my opinion that the County Comptroller in Escambia County is prohibited by the proviso contained in s. 28.24, F.S. (1992 Supp.), from assessing service charges against the Clerk of Circuit Court of Escambia County for recording documents for that office.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tgk
[1] See, Ch. 72-460, Laws of Florida, as amended by Ch. 73-455, Laws of Florida.
[2] See, s. 8, Ch. 73-455, Laws of Florida, amending s. 1, Ch. 72-460, Laws of Florida, and providing that "[t]he clerk of the circuit court and the county comptroller shall each be . . . compensated as prescribed by s. 145.051, Florida Statutes"; and s.145.051, F.S., which provides a salary formula to be used in determining the salary of the clerk of circuit court and the county comptroller.
[3] See, s. 2, Ch. 73-455, Laws of Florida, amending s. 1.2, Ch. 72-460, Laws of Florida.
[4] See, s. 3, Ch. 73-455, Laws of Florida.
[5] Section 28.222(3), F.S. (1992 Supp.).
[6] See, s. 28.222(3)(c), F.S. (1992 Supp.).
[7] See, Ch. 79-266, Laws of Florida.
[8] See, Futch v. Adams, 36 So. 575, 577 (Fla. 1904) (the purpose of a proviso is to restrain the enacting clause; to except something which would otherwise be within it, or in some manner to modify it), and Farrey v. Bettendorf, 96 So.2d 889, 893 (Fla. 1957).
[9] See, Futch v. Adams, supra; Farrey v. Bettendorf, supra ([a] proviso is to be construed strictly and limited to objects fairly within its terms, or to qualify or restrain its generality); and State v. Nourse, 340 So.2d 966 (3 D.C.A. Fla., 1976).
[10] Cf., AGO 80-71 ([a] county industrial development authority created pursuant to part III, ch. 159, F.S., is not a part of the county but is a separate and distinct entity; thus a clerk of the circuit court who receives a salary from the county as provided in s. 145.022(1), F.S., must charge and collect from the industrial development authority the prescribed service charges for services rendered by his office in recording documents filed by the authority); AGO 83-7.
[11] Section 28.24, F.S. (1992 Supp.), states specifically that the clerk shall assess the following service charges:
(15) For recording, indexing, and filing any instrument not more than 14 inches by 8 inches, including required notice to property appraiser where applicable:
(a) First page or fraction thereof . . . . . . . . . . .5.00(b) Each additional page or fraction thereof. .4.00(c) For indexing instruments recorded in the official records which contain more than four names, per additional name. . . . . . . . . 1.00(d) An additional service charge shall be paid to the clerk of the circuit court to be deposited in the Public Records Modernization Trust Fund for each instrument recorded in the official records:
1. First page. . . . . . . . . . . . . . . . . . . . 1.00
2. Each additional page. . . . . . . . . . . . . . . 0.50
Said fund shall be held in trust by the clerk and used exclusively for equipment and maintenance of equipment, personnel training, and technical assistance in modernizing the public records system of the office.